SWANN, Judge.
Appeal from a final judgment directing a verdict for the defendant, The Great Atlantic & Pacific Tea Co., Inc.
The plaintiff, June I. Westberry, an employee of the defendant, was injured on the defendant’s premises when she slipped and fell on the produce workroom floor while returning from the ladies’ room. Inasmuch as the defendant had previously rejected the Workmen’s Compensation Act, it *614 was precluded by Section 440.06, Florida Statutes, F.S.A., from asserting such defenses as contributory negligence, assumption of the risk, or negligence of a fellow servant in the suit subsequently brought by the plaintiff. At trial, the court directed a verdict for the defendant upon the conclusion of the plaintiff’s case, and the plaintiff now appeals. The sole question before us is whether the trial court erred in directing a verdict for the defendant at the close of the plaintiff’s case.
The record indicates that on September 6, 1963 the plaintiff had gone to the ladies’ room after finishing lunch in the area designated by the defendant for its employees. She took the more direct of two routes and went through the work produce room.
For approximately six months prior to the accident, the produce workroom floor had been continually littered with vegetable and fruit materials. The plaintiff, who had made an average of three trips a day to the ladies’ room via this route, was undoubtedly familier with these conditions. At the time of her fall, she was picking her way through the debris to return to her work. She claims that the floor was not completely covered with debris and that although she had been watching her steps carefully, she still stepped on what she believed to be a grape, slipped and fell. There is no conflict as to the fact that she suffered injuries from this accident.
The circumstances from which the case at bar arose bear a striking similarity to those in the case of Faltinali v. Great Atlantic & Pacific Tea Co., 55 R.I. 438, 182 A. 605 (1936). In Faltinali, a co-worker had dropped a barrel of potatoes on the plaintiff’s foot when he slipped on a piece of spinach which had been left on the defendant’s floor by other workers. The .spinach had been on the floor for some two hours, even though the defendant had instructed its workers to pick up anything they spilled on the floor before proceeding with their work. There, too, the employer-defendant had been stripped of its defenses such as contributory negligence, assumption of the risk and negligence of a fellow servant by its prior rejection of the Workmen’s Compensation Act. The Rhode Island court, in holding that this was a proper case for a jury, stated:
* * * * * *
“ * * * the employer is not relieved of responsibility if he merely -furnishes a place that is reasonably safe in structure; it is his duty to see that the place is reasonably safe for the purpose and use for which it is intended, and to protect his employees against such perils as are either known or which could be known and remedied in the exercise of reasonable care. * * * ” (Emphasis added)
******
“The real question here is whether or not the defendant, having actual or constructive knowledge of all the conditions that prevailed at its warehouse, did in fact use reasonable care to maintain the place reasonably safe for an employee to carry on his work. * * * Whether he has discharged this duty is a question of fact to be determined from all the circumstances in each individual case.”
* * ‡ * * *
The law in Florida requires an employer to furnish a reasonably safe place in which to work, Tampa Shipbuilding and Engineering Co. v. Thomas, 131 Fla. 650, 179 So. 705 (1938). Whether or not this duty is breached under the circumstances -for which the employee is hired, should be for the jury to answer. Beebe v. Kaplan, Fla.App.1965, 177 So.2d 869.
We are unable to conclude that a jury could not reasonably infer in this case that Jane Westberry’s accident was proximately caused by the negligence of the defendant-employer. Under the circumstances, therefore, upon the aforesaid authorities, we find that the trial court erred *615 in directing a verdict and entering a final judgment for the defendant against the plaintiffs in this cause.
The final judgment is reversed and the cause remanded for further action consistent herewith.
It is so ordered.