288 So.2d 289 (1974)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Dorothy M. MANNING, Appellee.
No. 73-452.
District Court of Appeal of Florida, Second District.
January 18, 1974.
*290 Geoffrey B. Dobson, Gen. Counsel, and Barbara Ann Dell McPherson, Tallahassee, for appellant.
John I. Van Voris, F. Ronald Fraley of Shackleford, Farrior, Stallings & Evans, Tampa, for appellee.
PER CURIAM.
The State of Florida Department of Transportation (Department) appeals from a $100,000.00 judgment entered upon a jury verdict. While the facts were in substantial conflict, the jury resolved these issues in favor of the plaintiff. Therefore, they will be stated in the manner reflected by the record which is most favorable to the plaintiff.
The plaintiff was proceeding in an easterly direction on a two-lane highway at a speed of approximately 30 miles per hour. She noticed an oncoming car pulling into her lane of traffic so she pulled her vehicle to the right. Her right front wheel left the paved portion of the highway at a point where there was a substantial drop off to the unpaved shoulder of the road. The plaintiff's automobile then veered back on the highway and across into the other lane of traffic where it was involved in a head-on collision with another automobile. As a consequence, the plaintiff was seriously injured.
There were no signs near the scene of the accident to warn motorists of the drop off. A veteran police officer, who was qualified as an accident reconstruction expert, testified that in his opinion a car travelling 30 miles per hour would go out of control if it were turned back onto the highway from the drop off in question.
The Department's first contention is that the court erred in failing to grant its motion to dismiss at the conclusion of the plaintiff's case because there was no evidence that the Department had either actual or constructive knowledge of the alleged defect.[1] The Department may well have been entitled to a directed verdict at that juncture. However, the Department is precluded from raising this point on appeal by reason of the doctrine announced in 6551 Collins Avenue v. Millen, Fla. 1958, 104 So.2d 337, and reaffirmed in Gulf Heating and Refrigeration Co. v. Iowa Mutual Ins. Co., Fla. 1966, 193 So.2d 4. In these cases, the supreme court held that a defendant, by proceeding with the presentation of his evidence, waives any error in the denial of his initial motion for directed verdict and that the court's ruling on the renewed motion required at the close of the case must be based on a consideration of all the evidence adduced in the case.
The defendant put on as a witness one of its employees who testified that on the day preceding the accident he and his maintenance crew were working on the shoulder of the road at the very point where the accident occurred. While he *291 testified that there was no defect in the shoulder when he left the job site, the photographs tend to contradict his statement. In any event, it is clear that the Department had knowledge of the condition of the shoulder (whatever that condition was) shortly prior to the accident. The jury was entitled to believe such portion of the Department's evidence as it wished. Consequently, any error premised upon the failure to prove knowledge on the part of the Department was cured in the presentation of the Department's case.
The Department attacks the admissibility of certain photographs which tended to illustrate the dangerous nature of the drop off. These photographs were taken two days after the accident. However, one of the patrolmen said that they properly reflected the condition of the shoulder as it was at the time of his investigation immediately following the accident. Therefore, the Department's contention that the drop off must have been deepened by reason of cars having driven around the wreck went to the weight the photographs should be given as evidence and not to their admissibility.
The Department further urges that the evidence reflects that the accident was due solely to the plaintiff's contributory negligence. The Department argues that the evidence does not reflect that the plaintiff's automobile was out of control until she attempted to pull it back on the highway and that a prudent driver would have continued to drive on the shoulder until she had reduced her speed to such a point as she could safely return to the pavement.[2]
We believe that the question of the plaintiff's contributory negligence was properly submitted to the jury. Where one is confronted with a sudden emergency which is not of his own making, he is not held to the same degree of prudence which might otherwise be expected. Dupree v. Pitts, Fla.App.3rd, 1964, 159 So.2d 904. The jury could have and apparently did conclude that the plaintiff when faced with the sudden emergency of an unusual drop off on the shoulder of the road acted in such a manner as was not negligent under the circumstances. Cf. Dixon v. Thompson, Fla.App.1st, 1969, 217 So.2d 887.
Even though the drop off was on the shoulder of the road rather than on the paved portion of the highway, the responsibility for maintaining the shoulder was on the Department. The drop off was of such a nature and sufficiently close to the travelled surface as to permit the jury to conclude that it constituted an unreasonable hazard. Cf. Alwood v. City of Los Angeles, 1956, 139 Cal. App.2d 49, 293 P.2d 69. Since the record contains sufficient evidence upon which the jury could have legally returned a verdict for the plaintiff, the judgment is
Affirmed.
MANN, C.J., and BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] See City of Pensacola v. Herron, 1933, 112 Fla. 742, 153 So. 877; Singleton v. City of Jacksonville, Fla.App.1st, 1958, 107 So.2d 47.
[2] The Florida Driver's Manual prescribes this course of action.