323 So.2d 649 (1975)
WESLEY CONSTRUCTION CO., a Florida Corporation, for Itself and for the Use and Benefit of Alfred T. Eldredge, Jr., and Claire Eldredge, His Wife, Appellants,
v.
John Richard LANE, D/B/a Lane Pools, Appellee.
No. 75-88.
District Court of Appeal of Florida, Third District.
December 9, 1975.
Rehearing Denied January 13, 1976.
Edward C. Vining, Jr., and R.M. MacArthur, Miami, for appellants.
Krongold & Bass and Theodore R. Bayer, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
*650 PER CURIAM.
Appellants, plaintiffs and counter-defendants below, bring this appeal from a summary judgment and final judgment for costs and attorneys' fees entered by the trial court in favor of appellee, defendant and counter-plaintiff below, on its counterclaim. Appellants also appeal the order of the circuit court denying its petition for rehearing. Appellee cross appeals the judgment of the trial court denying it attorneys' fees pursuant to its counterclaim and the order of the trial court denying its petition for rehearing.
Appellant, Wesley Construction Co., as general contractor, and appellee, as subcontractor, entered into a written agreement whereby appellee installed a swimming pool on property owned by appellants Alfred and Claire Eldredge. Due to appellant Wesley's failure to pay the contract price, appellee placed a lien on the Eldredges' property.
Appellant Wesley then filed a complaint, for itself and for the use and benefit of the Eldredges, to expunge the lien. Appellee counterclaimed for the unpaid balance of the contract price, costs, interest, and attorneys' fees pursuant to the contract.
Appellant Wesley moved for summary judgment on the complaint which the trial court granted because the lien had not been timely filed. The trial court then granted appellee's motion for summary judgment on its counterclaim against appellant Wesley for the unpaid balance of the contract and costs. Appellee's motion to assess reasonable attorneys' fees against appellant Wesley was denied. From these judgments, appellants appeal and appellee cross-appeals.
Appellants contend that, where there is a nominal plaintiff, i.e., Wesley Construction Co., which brings a suit solely on behalf of the real parties in interest, i.e., Alfred and Claire Eldredge, the status of the nominal plaintiff is not such as to permit the defendant (appellee) to maintain as a counterclaim an asserted cause of action which is against the nominal plaintiff only.
Appellee contends that appellant Wesley was a real party in interest and not merely a nominal plaintiff and that its counterclaim was compulsory. Appellee also contends that appellant Wesley pursuant to the terms of the contract agreed to pay all costs of collection, including reasonable attorneys' fees, in the event it defaulted on payment and, therefore, the trial court erred in not awarding appellee attorneys' fees.
On an appeal from a summary judgment, where no genuine issue as to any material fact is shown to exist, the only question for the appeals court is whether the summary judgment was properly granted or denied under the law. Goodwin v. Shire, Fla.App. 1958, 105 So.2d 178; and see 2 Fla.Jur., Appeals § 307, and 30 Fla.Jur., Summary Judgment § 34.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error as to either appellants or appellee has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgments appealed are affirmed.
Affirmed.