388 So.2d 1074 (1980)
George A. FERBER and Lillian Ferber, His Wife, Appellants,
v.
ORANGE BLOSSOM CENTER, INC., et al., Appellees.
No. 79-210.
District Court of Appeal of Florida, Fifth District.
September 24, 1980.
*1075 Ronald H. Walker, Orlando, for appellants.
Reinald Werrenrath, III, Orlando, for appellees.
SHARP, Judge.
George and Lillian Ferber sued Orange Blossom Center, Inc., the owner of a shopping center, another owner, and Orange Blossom's liability insurer for injuries suffered by George when he tripped and fell on a ramp leading from the parking area to the sidewalk in front of the Pantry Pride store in the center. Ferber worked at Pantry Pride as a meat cutter. At the close of the plaintiffs' case the trial court granted the defendants' motion for a directed verdict, and entered a judgment for the defendants. We reverse and remand this matter for trial because there was evidence which would have supported a verdict for the plaintiffs. Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980).
The evidence in this case established that Orange Blossom owned and leased the shopping center and, under the lease, was obligated to keep the sidewalk, ramp, and curb in "good repair." The ramp where Ferber fell was in extremely poor condition. There were chips and cracks in the cement surface, and holes where the surface had chipped away, particularly in the seam between the ramp and the sidewalk. The condition of the ramp had deteriorated over a four year period, and the landowner failed to repair or maintain the ramp during that period of time. Other persons slipped and fell on the ramp, and Pantry Pride received accident reports of such incidents. Ferber himself had slipped on the ramp and he had seen others fall on it. He testified his foot slipped on some loose flaky material near the top of the ramp, although he was not able to pinpoint the exact item that caused his to lose his footing.
A person like Ferber, clearly a "business invitee," who is injured by a hazardous condition existing on land owned by another is no longer barred from recovery because of his equal or even superior knowledge of the hazard, where the landowner knew or should have known of the condition and failed to keep the premises in good repair. Pittman v. Volusia County; Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989 (Fla. 2d DCA 1980); Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980); Metropolitan Dade County v. Yelvington No. 79-1588 (Fla. 3d DCA May 13, 1980). The degree to which Ferber caused his own injuries because of his awareness of the hazardous ramp is an issue of comparative negligence, to be determined by the jury.
We reject the defendants' argument that Ferber failed to present sufficient evidence that the hazardous condition of the ramp caused his fall. Only when the record conclusively shows an absence of facts or inferences from facts to support a jury verdict is a directed verdict proper. Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979); Balart v. Michel's Kartway, Inc., 364 So.2d 90 (Fla. 3d DCA 1978).
Ferber testified his foot slipped on something hard and loose underneath, at the top of the ramp but he was unable to identify the exact object. The pictures in evidence show the ramp was replete with cracks and crumbling matter particularly at the top where Ferber fell. They also show chips of yellow painted concrete lying on the dark asphalt at the base of the ramp. A jury could have concluded Ferber slipped on crumbling concrete at the top of the ramp, and his inability to locate the particular offending crack or crumble is not fatal to his case.
*1076 REVERSED and REMANDED for new trial.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.