PER CURIAM.
The appellant filed a complaint seeking damages for breach of contract in the negligent inspection of a residence the plaintiff was contemplating buying. There was a jury verdict for the plaintiff of $22,577.28. The trial court entered a remittitur down to $5,000. There was no provision for acceptance of the remittitur or a new trial on damages only. The appellant contends, first that the trial court should not have entered a remittitur. We find no error on this point. De la Vallina v. De la Vallina, 90 Fla. 905, 107 So. 339 (1926); Cohen v. Margoa, Inc., 281 So.2d 406 (Fla. 3d DCA 1973); .Section 768.74 Florida Statutes (1987).
The appellant secondly contends that the trial court erred in not giving him the option of accepting the remittitur or having a new trial limited to the issue of damages. We agree. Bom v. Goldstein, 450 So.2d 262 (Fla. 5th DCA 1984); Section 768.74 Florida Statutes (1987). Therefore, this cause is remanded to the trial court to enter an order giving the plaintiff therein a time certain to either accept the remittitur, or have a new trial on the issue of damages only.
Reversed and remanded with directions.