559 So.2d 387 (1990)
Deborah WARREN, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 89-2484.
District Court of Appeal of Florida, Third District.
April 10, 1990.
Gerald Piken and Larry Jay Safron, for appellant.
Stuzin and Camner and Wesley R. Parson, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
SCHWARTZ, Chief Judge.
The plaintiff, Deborah Warren, was riding her bicycle on a sidewalk in North Dade County which was in the control of the Department of Transportation. As she approached an area under repair, several pieces of concrete left on the sidewalk impeded her progress. Although she attempted to keep her bike on the walkway, she was unable to do so, and went off the sidewalk into an adjacent ditch from which the sod had been removed and soft sand left in its place. The sand caused the bicycle to go out of control and she was injured. This appeal is from a summary judgment rendered for the DOT apparently on the ground that the pieces of concrete were so "open and obvious" as to render the defective condition of the sidewalk and the adjacent ditch nonactionable as a matter of law. We disagree and reverse.
*388 It seems perfectly clear,[1] given the momentum provided by the plaintiff's bicycle, which made it  or so a jury could say  not reasonably possible for her safely to avoid the hazard presented by the pieces of concrete, that the mere fact that they were there to be seen does not render her own conduct in approaching them the sole legal cause of the accident. Stahl v. Metropolitan Dade County, 438 So.2d 14, 22-23 (Fla. 3d DCA 1983); see Camillo v. Department of Transp., 546 So.2d 4 (Fla. 3d DCA 1988), review denied, 547 So.2d 1209 (Fla. 1989). Compare Pope v. Cruise Boat Co., 380 So.2d 1151 (Fla. 3d DCA 1980) (pedestrian). Compare also Gloris v. Williams Paving Co., 556 So.2d 748 (Fla. 3d DCA 1989) (pedestrian). The record thus presents jury questions as to whether her riding the bike was either only comparatively negligent, or not contributorily negligent at all, and whether, conversely, the DOT's negligence as to the sidewalk was a, or the sole legal cause of the accident. See Bryant v. Lucky Stores, Inc. (Fla. 2d DCA Case no. 89-01761, opinion filed, March 9, 1990) [15 FLW D659]; Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA 1980), reviewed denied, 389 So.2d 1113 (Fla. 1980); Isenberg v. Ortona Park Recreational Center, Inc., 160 So.2d 132 (Fla. 1st DCA 1964).[2]
In addition, a factual issue was raised as to whether the defendant breached a duty of due care to those on the sidewalk by maintaining the immediately adjacent ditch in a negligent condition which would present a foreseeable danger to them. City of Pensacola v. Stamm, 448 So.2d 39 (Fla. 1st DCA 1984), pet. for review denied, 456 So.2d 1181 (Fla. 1984); State Dep't of Transp. v. Manning, 288 So.2d 289, 291 (Fla. 2d DCA 1974) ("The drop off was of such a nature and sufficiently close to the travelled surface as to permit the jury to conclude that it constituted an unreasonable hazard."), cert. denied, 295 So.2d 307 (Fla. 1974); see Gloris, 556 So.2d at 748.
Reversed.
NOTES
[1] Indeed, it is open and obvious.
[2] There is no doubt that a jury could find that the condition of the sidewalk was a legal cause of the injury resulting from the natural instinctive reaction in avoiding the danger on the sidewalk and encountering the defective condition of the adjacent ditch. See Stahl v. Metropolitan Dade County, 438 So.2d at 14; Camillo v. Department of Transp., 546 So.2d at 4.