MINER, Judge.
Appellant, Ethel Mae Turner, challenges the trial court’s grant of summary judgment in favor of appellee, City of Tallahassee (City), in a negligence action. She contends that the trial court applied an incorrect standard of review, improperly considered photographs and testimony and erred by finding the City owed her no duty as a matter of law. We reverse.
The facts adduced below show that Turner was injured in the process of returning to her office on foot from an employment errand. There were no sidewalks along her route and she was forced to step onto a grassy area to avoid an oncoming automobile. In doing so, she stepped into a hole, obscured by grass, created when a City owned and operated water meter was left uncovered. Turner alleged in a single-count complaint that the City negligently maintained the water meter cover and the right-of-way adjacent to the street, creating a dangerous condition of which the City knew or should have known.
The City thereafter filed the instant motion for summary judgment. Finding that appellant failed to present evidence of the City’s actual or constructive knowledge of the defect for a period of time, and that certain photographs and testimony were insufficient, the trial court held that the City had breached no legal duty, and granted summary judgment.
“Once a municipality creates a known dangerous condition which may not be readily apparent to one who could be injured by the condition and the governmental entity has knowledge of the presence of people likely to be injured, then the governmental entity must take steps to avert the danger or properly warn persons who may be injured by the danger.” St. Petersburg v. Collom, 419 So.2d 1082, 1086 (Fla.1982) (emphasis supplied); Hodges v. City of Winter Park, 433 So.2d 1257 (Fla. 3d DCA 1983). However, a city has no duty to warn of a known dangerous condition which it did not create, Collom; Hill v. City of Lakeland, 466 So.2d 1231 (Fla. 2d DCA 1985), and, generally, has no duty of care to maintain grassy strips in swales or parkways. See Kass v. City of Miami Beach, 436 So.2d 1086 (Fla. 3d DCA 1983). Exceptions to these general rules have been made where the injured person was virtually invited to walk in the grass, City of Pensacola v. Stamm, 448 So.2d 39, 41 (Fla. 1st DCA), petition for review denied, 456 So.2d 1181 (Fla.1984), or the person took evasive action to avoid, a dangerous condition on a sidewalk and encountered the defective condition in an immediately adjacent ditch, Warren v. Dep’t of Transportation, 559 So.2d 387 (Fla. 3d DCA 1990). Further, one confronted with a sudden emergency not of his own making is not held to the same degree of prudence otherwise expected. When he encounters a sudden drop-off of such a nature and proximity to the traveled surface, it creates a jury question as to whether the drop constituted an unreasonable hazard. Dep’t of Transportation v. Manning, 288 So.2d 289 (Fla. 2d DCA), cert. denied, 295 So.2d 307 (Fla.1974).
We find Manning closely analogous to the instant case. The evidence herein showed that appellant was suddenly exposed to an unexpected oncoming accelerating automobile, which forced emergency evasive action into the adjacent grassy swale or strip. A jury could therefore conclude that she was not negligent in the circumstances.
Further, the evidence is susceptible of the inference that the City owned and oper *873 ated the water meter, and had allowed the defective condition to remain for some period of time. See Leon v. City of Miami, 312 So.2d 518 (Fla.1975). Absent a showing by the City, that it did not and should not have known that the water meter was left uncovered, the nature of the hole and its proximity to the traveled roadway create a question of fact as to whether it constituted an unreasonable and dangerous hazard. Further, the City failed to demonstrate that it had no duty as a matter of law in the circumstances, or that Turner cannot prevail or was the sole proximate cause of her own injuries. See Holl v. Tolcott, 191 So.2d 40 (Fla.1966). For these reasons, we conclude that the trial court erred in granting summary judgment.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WIGGINTON and ALLEN, JJ., concur.