585 So.2d 1068 (1991)
Peter HANCOCK, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
No. 90-2215.
District Court of Appeal of Florida, First District.
September 6, 1991.
*1069 Clay B. Rood, Tampa, for appellant.
*1070 Robert A. Butterworth, Atty. Gen., and Franz Eric Dorn, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Peter Hancock appeals a final judgment granting the Department's motion for summary judgment in his action for personal injuries. We reverse.
Drawing all inferences most favorably for Hancock as the party moved against, the record reveals the following facts. Hancock is an inmate at Lawtey Correctional Institute, and was injured while descending a stairway at the institution's sewer treatment plant where he worked. Hancock's assigned tasks at the plant included shoveling foam or sludge into the aeration tanks from the top of the tank and keeping the area clean by hosing it down, including the walkway above the tank that he used to get on top of the tank to perform his tasks. Hancock's only access to the work area was a stairway connected to the walkway. On July 5, 1984, Hancock cleaned and hosed down the entire area, including the clarifiers, which were located near the tanks, the walkway, and the front area of the stairway. In leaving he walked on the catwalk intending to go down the stairway. Upon reaching the stairway, he placed his hand on the left handrail that was attached to the stairway. As he rounded the corner, his right foot started to slip, and "as [he] pulled on the handrail, the handrail just gave way," and he fell down the stairway. Hancock subsequently reported the accident to the prison officials.
Approximately two months prior to the accident, Hancock and another inmate named Cribbs had told the prison official in charge of the plant that the handrail was broken and needed to be repaired, and the prison official apparently reported the condition to the Department. However, the handrail was not repaired before Hancock was injured. For aught that appears in this record, Hancock had no choice about performing assigned work in this area or not using the stairway with the broken handrail.
On July 28, 1990, Hancock filed suit against the Department alleging, among other things, that the Department's negligence in failing to repair the handrail was the proximate cause of his injuries. The Department filed a motion for summary judgment, arguing that it owed no duty to Hancock because Hancock's knowledge of the defect was superior to its own; Hancock's injuries were unforeseeable; Hancock used the stairway in a manner for which it was not intended; and Hancock's own actions were the sole proximate cause of his injuries. After a hearing on the Department's motion for summary judgment, the circuit court entered a final summary judgment stating that there was no genuine issue of any material fact in dispute and that the Department was entitled to judgment as a matter of law.
Hancock contends that the circuit court erred in granting the Department's motion for summary judgment because certain issues should have been decided by the jury, including whether the Department exercised reasonable care under the circumstances to guard against the foreseeable danger that, while in the scope of his imposed duties, he would use the defective handrail to break his fall, and whether his actions were a reasonably foreseeable intervening cause. He also argues that his knowledge of the handrail's condition did not negate the Department's liability, but simply raised the issue of comparative negligence for the jury to decide.
Citing to cases discussing the duty owed by a landowner to invitees or licensees, the Department contends that it had no duty to either warn Hancock of the defect in the handrail, alter the premises, or rescue Hancock because of Hancock's superior knowledge of the defective handrail prior to the accident. The Department also argues that it was entitled to summary judgment because Hancock's own actions in wetting the metal on the catwalk and in pulling on a handrail that he knew was broken to break his fall was the sole proximate cause of his injuries.
If material issues of fact exist and the slightest doubt remains, the summary *1071 judgment must be reversed. If not, then the remaining question is whether the summary judgment was based on a proper application of the law. See Wesley Construction Co. v. Lane, 323 So.2d 649, 650 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 1185 (Fla. 1976); 49 Fla.Jur.2d Summary Judgment § 14 (1984).
Hancock was injured while performing work assigned to him by the Department. As such, the duty owed by the Department to Hancock was akin to that owed by an employer to an employee or by a master to a servant. Generally, a master or employer has an affirmative duty to provide his servants or employees with reasonably safe instrumentalities and places to work. Hicks v. Kemp, 79 So.2d 696, 699 (Fla. 1955); Dearing v. Reese, 519 So.2d 761 (Fla. 1st DCA 1988). An employer has a duty to use ordinary care and diligence to keep the workplace safe, taking into consideration the exigency of the circumstances and the character of work to be done. Richards Co., Inc. v. Harrison, 262 So.2d 258, 261 (Fla. 1st DCA), cert. denied, 268 So.2d 165 (Fla. 1972); Hicks v. Kemp, 79 So.2d at 700. As the owner and operator of the premises with knowledge of the condition of the broken handrail, the Department also owed a duty to persons such as Hancock to protect them from reasonably foreseeable risks, even though he was aware of the dangerous condition. Hall v. Billy Jack's, Inc., 458 So.2d 760, 761-762 (Fla. 1984); Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891 (Fla. 4th DCA 1985), rev. denied, 482 So.2d 350 (Fla. 1986). Hancock is in the position of an invitee, so although his knowledge of the defective stairway could discharge the Department's duty to warn, such knowledge did not discharge the Department's duty to maintain the premises in a reasonably safe condition by correcting dangers of which it had actual or constructive knowledge. Hogan v. Chupka, 579 So.2d 395 (Fla. 3d DCA 1991); Kolosky v. Winn Dixie Stores, Inc., 472 So.2d at 894; Pittman v. Volusia County, 380 So.2d 1192, 1193-94 (Fla. 5th DCA 1980). A breach of its duties proximately resulting in injuries to Hancock may give rise to the Department's liability for negligence, and whether those duties have been breached is ordinarily a question for the jury to decide. Westberry v. Great Atlantic & Pacific Tea Co., 191 So.2d 613, 615 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 811 (Fla. 1967); Beebe v. Kaplan, 177 So.2d 869, 871 (Fla. 3d DCA 1965). Whether the Department's breach of its duties was a proximate cause of Hancock's injuries, and whether Hancock's own actions may have constituted a foreseeable intervening cause likewise are ordinarily questions for the jury to decide. See Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980); Padgett v. West Florida Electric Cooperative, Inc., 417 So.2d 764 (Fla. 1st DCA 1982); Beebe v. Kaplan, supra.
Prior to the supreme court's adoption of the doctrine of comparative negligence, a plaintiff was barred from recovery where the dangerous condition was known and obvious; however, under the comparative negligence doctrine, such knowledge presents only an issue of comparative negligence that does not completely bar recovery, unless the plaintiff's negligence in conjunction with that of some other person was the sole legal cause of the plaintiff's injuries. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). See also Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074 (Fla. 5th DCA 1980); Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). The affirmative defense of implied assumption of risk has been merged into the defense of contributory negligence and the principles of comparative negligence. Blackburn v. Dorta, 348 So.2d at 293. The degree to which a plaintiff may have caused his own injuries because of his awareness of the dangerous or hazardous condition or his own actions is to be determined by the jury. Ferber v. Orange Blossom Center, Inc., 388 So.2d at 1075 (directed verdict in favor of defendant reversed because the degree to which the plaintiff, a meat cutter, caused his own injuries in view of his awareness of the hazardous condition was an issue of comparative negligence to be *1072 determined by the jury). See also Bennett v. Mattison, 382 So.2d at 875; Warren v. State, Department of Transportation, 559 So.2d 387 (Fla. 3d DCA 1990).[1] Hence, the summary judgment cannot be sustained solely because Hancock knew of the dangerous condition of the stairway handrail.
The circuit court also erred in granting the motion for summary judgment because genuine issues of material fact remain to be decided by the jury in respect to the Department's breach of its duties to Hancock and Hancock's own negligence. The record contains conflicting evidence regarding the sequence of events relating to Hancock's accident. In his deposition, Hancock testified that while descending the stairway, he placed his hand on the left handrail, his right foot started to slip, and then he pulled on the handrail to break his fall. The deposition of Cribbs, another inmate who witnessed the accident, states that he saw Hancock make the first step down the staircase, then start falling to his left, and that he thought Hancock's left side hit the handrail. Cribbs could not recall whether Hancock's hands were on the handrails before Hancock fell. Cribbs also stated that when he spoke to Hancock immediately after the accident, he could not recall whether Hancock told him that the handrail gave away first and then he slipped, or that he slipped first and then the handrail gave way. Genuine issues of fact remain on the duty and proximate cause issues, especially whether the Department reasonably could have foreseen that the defective condition of the stairway could cause an injury to someone in Hancock's position. The record contains an affidavit of William Carpenter, a registered professional engineer, stating that after examining the drawings and specifications of the handrails and the facts involved in the accident, "if the bottom vertical post of the above mentioned handrail [had] been properly welded at the time of the accident, within a reasonable degree of engineering probability ... the handrail would have prevented Mr. Hancock from falling." In his deposition, Cribbs stated that he believed that Hancock's fall would have been prevented if the handrail had been repaired. Also, Hancock testified that prior to the accident, he had slipped on the catwalk once or twice, but he had been able to regain his balance. Genuine issues of fact remain as to the degree to which Hancock's own knowledge and actions in hosing down the catwalk and in using the handrail that he knew was defective may have caused his own injuries. Although the Department contends that Hancock's own actions in hosing down the catwalk was the sole proximate cause of his injuries, rather than its failure to repair the handrail, there was evidence that the act of hosing down the catwalk was part of the duties that the institution required of Hancock, and that while working, Hancock was required to wear his prison boots, rather than special shoes for walking on the surface of the catwalk.
The final summary judgment is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
BARFIELD and WOLF, JJ., concur.
NOTES
[1] We decline the Department's invitation to invoke the rules applicable to the relationship between a homeowner and a social guest, Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983), to this appellant in this prison setting. The dissimilarity in these two situations should be obvious.