590 So.2d 970 (1991)
REGENCY LAKE APARTMENTS ASSOCIATES, LTD., a Florida partnership, Appellant,
v.
Ella Mae FRENCH and Marion C. French, her husband, Appellees.
No. 90-3727.
District Court of Appeal of Florida, First District.
November 26, 1991.
*971 Daniel C. Shaughnessy of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellant.
Robert P. McKeever, Jr. of Penland & Penland, P.A., Jacksonville, for appellees.
WOLF, Judge.
Regency Lake Apartments Associates, Limited (Regency) appeals from a final judgment awarding damages to Ella Mae French and Marion C. French, her husband (appellees). Regency asserts that the trial court erred in denying its motion for directed verdict. We find that there was sufficient evidence of negligence to allow the case to be taken to the jury, and affirm.
Marion C. French asserts on cross appeal that the trial court erred in granting a remittitur as to his loss of consortium claim because (1) the court failed to provide the plaintiff the opportunity to have a new trial on damages, and (2) the court failed to make sufficient findings which would support a remittitur. We find that the trial *972 court did not err in granting a remittitur, but that the trial court's failure to afford the cross appellant the opportunity to have a new trial on damages requires the case to be remanded to the trial court for entry of a corrected order.
Mr. and Mrs. French were tenants at the Regency Lake Apartments. Their lease agreement required appellees to pay a nonrefundable pet fee of $125, plus $10 a month for the privilege of having a dog in their apartment. The lease contained a pet agreement which required that "[a]ll pets must be walked on a leash and in designated areas on the perimeter of the complex." In addition to the written instructions, Mrs. French was instructed by the apartment's resident manager that she was only to walk her dog in the area designated as a "pet walk."
Regency provided signs that designated a certain area as the "Pet Walk." Mrs. French walked her dog in the designated area twice a day for a three-month period without incident. On the morning of January 28, 1989, the appellee tripped over tree roots in the designated area and fell while trying to avoid a large dog running toward her in the path. Mrs. French had seen the exposed tree roots on previous occasions, but asserted that at the time of her fall there was no other way to avoid the oncoming dog except by retreating just as she had done. Mrs. French initiated a legal action against Regency to recover for her injuries which were a result of the fall.
At trial, there was conflicting evidence concerning Regency's control over the pet walk area. There was evidence that Regency personnel kept the pet walk mowed and routinely picked up trash in the area. Ms. Witten, the property manager, testified that she had previously made attempts to make changes (including removal of trees) in the area designated as a pet walk, but was told by the city zoning commission that the pet walk was on a city easement and not on the defendant's property. Charles Basset, a registered land surveyor, opined that the property line bisected the tree trunk and that the roots of the Magnolia tree which were extending into the pet walk, were predominantly in the right-of-way owned by the city. After trial, the jury returned a verdict for the plaintiffs in the amount of $179,000 for Ella Mae French and $40,000 for the derivative claims of Marion C. French. The trial judge later entered an order of remittitur reducing the verdict in favor of Marion C. French to $30,000.
Appellant argues that there was insufficient evidence to support a verdict of negligence because the evidence failed to show that Regency owed a duty to Mrs. French: There was no duty to warn of an open and obvious condition, and there was no duty to maintain premises which were owned and controlled by another. Regency also argues that it had no ability to correct defects on the property, and there was no defect on the premises because the alleged defective condition was open and obvious and involved a natural condition which was not created by the appellant. Under the unique facts of this case, where the defendant has not only invited but required the plaintiff to utilize the property of another for a particular purpose and it is foreseeable that the activity which the plaintiff is engaged in may divert the plaintiff's attention from an open and obvious natural condition which could cause an injury, it was not error for the trial court to refuse to direct a verdict for the defendant.
A motion for directed verdict for the defendant should only be granted where no evidence is presented on which the jury could have returned its verdict. Landry v. Sterling Apartments, Inc., 231 So.2d 225 (Fla. 4th DCA 1969), cert. denied, 238 So.2d 107 (Fla. 1970). All inferences of fact must be construed most strictly in favor of the nonmovant. Thundereal Corp. v. Sterling, 368 So.2d 923 (Fla. 1st DCA 1979), cert. denied, 378 So.2d 350 (Fla. 1979). Specifically, Florida law cautions against a motion for directed verdict in negligence cases since the evidence to support the elements of negligence are frequently subject to more than one interpretation. See, e.g., Collins v. School Bd. of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985). Unless only one possible *973 conclusion can be drawn from the facts presented, the issues of negligence and probable cause will normally be answerable only by a jury. Clark v. Lumbermans Mut. Ins. Co., 465 So.2d 552, 554 (Fla. 1st DCA 1985), rev. denied, 476 So.2d 673 (Fla. 1985).
An invitee on land is owed two duties: (1) A duty of reasonable care that the premises will be maintained in a reasonably safe condition, and (2) a duty to be warned of concealed perils which are or should be known by the person issuing the invitation and which is unknown to the invitee and cannot be discovered by him through the use of ordinary care. City of Milton v. Broxson, 514 So.2d 1116, 1118 (Fla. 1st DCA 1987), rev. dismissed, 537 So.2d 568 (Fla. 1988).

I. Duty To Warn
Regency asserts, and appellees conceded at oral argument, that since the tree roots were open and obvious and because Mrs. French was aware of the existence of the roots, Regency had no duty to warn of the danger. City of Milton, supra. The issue of appellant's liability, however, is not resolved by the fact that they did not have a duty to warn Mrs. French of the overground tree roots. Hancock v. Department of Corrections, 585 So.2d 1068 (Fla. 1st DCA 1991), and City of Milton, supra. The discharge of the duty to warn does not relieve Regency of its duty to maintain the premises in a reasonably safe condition by correcting or eliminating dangers. See Hancock, supra; City of Milton, supra.

II. Open and Obvious Defect Known to Plaintiff
Regency asserts that as a matter of law, the duty to maintain or correct did not arise because of Mrs. French's knowledge of the tree roots. They cite the Restatement (Second) of Torts § 343A (1965) which states
(a) possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
The restatement recognizes that a possessor of land may be liable despite the plaintiff's knowledge of the defect where the potential harm is foreseeable.
Where an invitee's knowledge of a dangerous condition will adequately protect him from harm, an owner's duty with regard to the condition is limited to giving a proper warning, where required. The invitee can be expected to protect himself against such risks. However, where the danger is of such a nature that the owner should reasonably anticipate that it creates an unreasonable risk of harm to an invitee notwithstanding a warning or the invitee's knowledge of the danger, then reasonable care may require that additional precautions be taken for the safety of the invitee.
Stewart v. Boho, Inc., 493 So.2d 95, 96 (Fla. 4th DCA 1986) (citations omitted).
In cases where it can reasonably be expected that a person's attention may be distracted, prior knowledge of the defect by a plaintiff will not preclude recovery. Stewart supra. See also Ashcroft v. Calder Race Course, 492 So.2d 1309, 1311 (Fla. 1986); Webb v. Glades Elec. Corp., Inc., 521 So.2d 258 (Fla. 2nd DCA 1988).
The question of foreseeability of the distraction is generally a question of fact which should not be taken from the jury. Stewart, supra at 97. The issue of whether the appellant should have taken further action because it may be reasonably foreseen that a person walking a dog will have their attention distracted as a result of actions of their dog or another dog is a question of fact for the jury.
In addition, this court has recently said that under the doctrine of comparative negligence, the plaintiff's knowledge of a dangerous condition will not normally bar recovery:
Prior to the supreme court's adoption of the doctrine of comparative negligence, a plaintiff was barred from recovery where the dangerous condition was known and *974 obvious; however, under the comparative negligence doctrine, such knowledge presents only an issue of comparative negligence that does not completely bar recovery, unless the plaintiff's negligence in conjunction with that of some other person was the sole legal cause of the plaintiff's injuries. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). See also Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074 (Fla. 5th DCA 1980); Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). The affirmative defense of implied assumption of risk has been merged into the defense of contributory negligence and the principles of comparative negligence. Blackburn v. Dorta, 348 So.2d at 293 (Fla. 1977). The degree to which a plaintiff may have caused his own injuries because of his awareness of the dangerous or hazardous condition or his own actions is to be determined by the jury. Ferber v. Orange Blossom Center, Inc., 388 So.2d at 1075 (directed verdict in favor of defendant reversed because the degree to which the plaintiff, a meat cutter, caused his own injuries in view of his awareness of the hazardous condition was an issue of comparative negligence to be determined by the jury). See also Bennett v. Mattison, 382 So.2d at 875; Warren v. State, Department of Transportation, 559 So.2d 387 (Fla.3d DCA 1990). Hence, the summary judgment cannot be sustained solely because Hancock knew of the dangerous condition of the stairway handrail.
Hancock, supra at 1071-72.

III. Ownership, Control and Ability to Correct the Defect
Regency asserts that they did not have sufficient control over the land in question to be responsible for defective conditions on the property. Regency also asserts that since it did not have the ability to correct the defect, they owed no duty to the plaintiff to do so.
The ownership of the land in the instant case is not dispositive for several reasons: (1) A party may be responsible for defects on land they do not own; (2) the level of control was a disputed issue for the jury; and (3) the jury could have found that Regency was negligent in maintaining and requiring parties to utilize this land as a pet walk on which Regency could not correct a defective condition.
In general, a cause of action for premises liability does not hinge on legal title or ownership, but rather on the failure of the party who is in actual possession or control to perform its legal duty. See Haynes v. Lloyd, 533 So.2d 944 (Fla. 5th DCA 1988). A party who exercises control or implied authority over a piece of property by inviting people to utilize the property in a particular manner may become responsible to invitees in the same manner as an owner. See City of Pensacola v. Stamm, 448 So.2d 39 (Fla. 1st DCA 1984), rev. denied, 456 So.2d 1181 (Fla. 1984).[1]
In the instant case, there was conflicting evidence concerning the amount of control Regency had over the property in question. Evidence was presented which indicated that not only had Regency invited people to utilize the property as a pet walk, but it had actually required people to do so. Regency mowed the grass and picked up litter on the property. While the resident manager had indicated that the city had forbidden them to cut down trees (or tree roots), no one from the city testified to that effect. The level of control and responsibility was a factual question to be resolved by the jury. Even if we accept Regency's arguments that they had no duty to warn and that they were legally unauthorized to correct the defect, the jury could still find that Regency was negligent in maintaining the pet walk in a location with exposed tree roots.

*975 IV. Natural Conditions
Regency asserts that a natural condition may not be considered a defect. A natural condition on a piece of property is not normally considered a defect. Sullivan v. Silver Palm Properties, Inc., 558 So.2d 409 (Fla. 1990); Cassel v. Price, 396 So.2d 258 (Fla.1st DCA 1981), rev. denied, 407 So.2d 1102 (Fla. 1981). A natural condition, however, may constitute a danger depending upon the use of the property. Thus, a person who invites people to utilize a piece of property in a particular manner may become liable if their invitee is injured as a result of a natural condition. Butler v. Sarasota County, 501 So.2d 579 (Fla. 1986); Bailey Drainage Dist. v. Stark, 526 So.2d 678 (Fla. 1988). In Butler, supra, the county asserted that it was not responsible when a child drowned because the undercurrents and tides which caused the condition were naturally occurring conditions not created by the county. The supreme court rejected the county's argument and held that when the county created the swimming area, it assumed the duty to operate it safely:
The duty of care is no different for a public owner than a private owner. In this instance, the public owner did not create the specific dangerous condition but did create a designated swimming area where the dangerous condition existed.
Id. at 579. In the instant case, the jury could have held Regency responsible for creating and maintaining a pet walk where a dangerous condition existed.
We, therefore, find that the trial court did not err in denying the defendant's motion for a directed verdict.
As to the points on cross appeal, we find that the trial court did not abuse its discretion in entering the order of remittitur. Zambrano v. Devanesan, 484 So.2d 603 (Fla. 4th DCA 1986), rev. denied, 494 So.2d 1150 (Fla. 1986). Section 768.74(4), Fla. Stat., provides, however, "If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." The statutory section has been construed to mean that when a court enters an order of remittitur, the order itself must provide the adversely affected party the option of accepting a remittitur or of having a new trial limited to the issue of damages. Shalhub v. Andrews Roofing and Improvement Co., 530 So.2d 1052 (Fla. 3rd DCA 1988). The order in the instant case fails to provide for the option of a new trial. We, therefore, remand to the trial court to enter an order giving the appellees/cross appellants the opportunity to either accept the remittitur or have a new trial on the issue of damages.
JOANOS, C.J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] A duty may arise to take some form of corrective action even if the defect is not on the property being utilized for a particular purpose. Conditions on adjoining property may create a dangerous condition. Bailey Drainage Dist. v. Stark, 526 So.2d 678 (Fla. 1988).