799 So.2d 382 (2001)
Ara YARDUM, Appellant,
v.
Andrew SCALESE, an individual; and the Wittington Condominium Apartments, Inc., a Florida not-for-profit corporation, Appellees.
No. 4D00-3097.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
David M. Beckerman of David M. Beckerman, P.A., Boca Raton, for appellant.
Amy D. Shield of Amy D. Shield, P.A., Boca Raton, for appellee Andrew Scalese.
*383 PER CURIAM.
Ara Yardum ("Appellant") sued Andrew Scalese ("Appellee") for trespass, private nuisance, and negligence in connection with renovations to Appellee's condominium unit that Appellant alleges infringed upon the quiet enjoyment of his condominium unit that is located directly below the Appellee's. The trial court granted final summary judgment in favor of the Appellee from which the Appellant now appeals. We reverse and remand.
The Appellant and Appellee were both owner-residents in the Wittington Condominium community. Shortly after moving into the unit directly above Appellant, the Appellee began renovations to replace the bathroom tub with a Roman Tub Jacuzzi. After construction began, the homeowner's association ordered the Appellee to halt construction until proper approval was obtained from the board. The Appellee submitted a written request for permission accompanied by a county building permit, a copy of the plumber's license and liability insurance information covering the repairs. Subsequently, the board granted written permission stating in part, "[w]e are pleased to inform you that since you provided the Association with the necessary documents the Board of Governors hereby grants you permission to replace the section of the main waste line which is common property in your bathroom." After receipt of the letter conveying the board's consent, the Appellee sent a second letter to the board requesting clarification from the association regarding the extent of their permission to commence work. No response from the board was forthcoming.
Construction recommenced and consisted of extensive drilling into the concrete slab that comprised both the floor of Appellee's unit and the ceiling of the Appellant's unit. The Appellee's contractor drilled several enlarging holes in the concrete through which he fitted pipes joining the new tub to the main vent stack. These pipes extended through the slab into the Appellant's apartment into the area above the drop ceiling which concealed them from view.
After the pipes were installed, the Appellant sued Appellee based upon their intrusion into the Appellee's apartment. In defense, the Appellee argues that the declaration of condominium provides an easement in the space through which he may run pipes in order to maintain his apartment. The Appellee further urges that the permission granted by the board authorized him to drill through the floor and alter the existing pipe system.
The Appellant argues that genuine issues of material fact remain in dispute regarding the scope and bounds of the permission granted by the board.
Summary judgment is proper only if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Where no genuine issue of material fact is shown to exist, the only question for the appellate court is whether the summary judgment was properly granted under the law. See Wesley Constr. Co. v. Lane, 323 So.2d 649, 650 (Fla. 3d DCA 1975). If even the slightest doubt exists as to any issue of material fact, a summary judgment must be reversed. See Beary v. Gay, 732 So.2d 478, 480 (Fla. 5th DCA 1999). Where a written instrument lends itself to more than one reasonable interpretation, it is ambiguous and therefore summary judgment is improper for either party. See King v. Sturge, 113 So.2d 257, 258 (Fla. 3d DCA 1959).
In the case at bar the issue raised revolves around the scope of the consent *384 intended by the board of the association. If in fact the board intended the consent to include permission to alter the existing pipes, as Appellee contends, then the installation is in compliance with the declaration of condominium. Conversely, if the intended scope of permission covers only the authority to tie into the existing waste drain pipe without substantial alteration, then the installation and construction were done without permission of the association.
In this case, the determination of the scope of the consent, based upon the intent of the parties does not lend itself well to determination by summary judgment. Because the written permission granted by the board is reasonably open to differing interpretations, summary judgment was not proper in this case.
Accordingly, the summary judgment appealed is reversed, and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
POLEN, C.J., GUNTHER and WARNER, JJ., concur.