PER CURIAM.
 

 Theodore Hirst was riding his bicycle on the sidewalk alongside US-41, a highway in southern Hillsborough County, when he ran into the side of a twenty-two-foot-long box truck exiting a service station and turning onto the highway. He received severe injuries when the truck’s rear wheels ran over him. He sued the owner of the truck, Segrest Farms, Inc., and its driver, Daniel E. McCormack. At trial, after presentation of all the evidence, the trial court granted a directed verdict in favor of the defendants on liability, entered judgment in their favor, and denied Mr. Hirst’s motion for a new trial. We reverse.
 

 The driver of the truck testified that he looked both left and right before crossing the sidewalk but did not see Mr. Hirst on his bicycle. Other witnesses testified that they clearly saw Mr. Hirst approaching on his bicycle; two witnesses said that Mr. Hirst was riding erratically up the sidewalk. One witness testified that the truck came to a stop completely blocking the sidewalk and that as the driver started to turn, he ran over Mr. Hirst and the bicycle. This witness also stated that there were no obstructions to viewing the sidewalk and that because it was the middle of the afternoon, there were no lighting problems preventing the driver from seeing Mr. Hirst approach. Witnesses who saw the incident testified that Mr. Hirst hit the truck in front of the rear tires, which then ran over him. There was also evidence that the truck was moving from its stopped position for at least five seconds when Mr. Hirst ran into it.
 

 Other evidence showed that Mr. Hirst had an elevated blood alcohol level (0.13%) and that he was under the influence of cocaine and marijuana at the time of the incident. Mr. Hirst testified that he saw the truck at a complete stop and the driver look at the oncoming southbound traffic; he assumed that the truck would not pull out right in front of him. He said he applied his brakes when he realized that the truck was starting to pull out but it was too late. It was unclear whether the brakes on his bike were operable.
 

 We reverse, concluding that the jury should have been allowed to decide this case. There were differences in the witnesses’ testimonies as to where the truck was stopped and how long it had been stopped before the collision. Given the undisputed facts that the driver had an unobstructed view in broad daylight and failed to see Mr. Hirst approaching, we cannot say that as a matter of law the driver was not negligent. ‘“Florida law cautions against a motion for directed verdict in negligence cases since the evidence to support the elements of negligence are frequently subject to more than one interpretation.’ ”
 
 Nunez v. Lee County, 111
 
 So.2d 1016, 1016 (Fla. 2d DCA 2000) (quoting
 
 Regency Lake Apartments Assocs., Ltd. v. French,
 
 590 So.2d 970, 972 (Fla. 1st DCA 1991)). Because the evidence was not universally in favor of the defendants and presented potentially varying inferences, it was for the jury to decide who was at fault as well as the percentage of fault to attribute to either Mr. Hirst or Mr. McCormack.
 

 Reversed and remanded for further proceedings.
 

 CASANUEVA and DAVIS, JJ., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.