452 So.2d 1107 (1984)
Robert LEMEN, Appellant,
v.
FLORIDA POWER & LIGHT CO., Appellee.
No. 83-1463.
District Court of Appeal of Florida, Fifth District.
July 12, 1984.
L. Hunter Limbaugh and Brian R. Toung, of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Daytona Beach, for appellant.
Joseph W. Thomas, II, of Cooper, Rissman, Weisberg & Jeffery, P.A., Orlando, for appellee.
*1108 ORFINGER, Judge.
Appellant Robert Lemen was burned by a live wire while working at appellee Florida Power & Light's substation near Melbourne, Florida. Lemen was an employee of Olson Underground Ecologists, an independent contractor under contract with Florida Power & Light to perform work on the substation. Lemen's complaint sought damages against Florida Power & Light based upon allegations that it failed to either warn or protect Lemen against the dangers of working on a portion of the substation containing live wires. The trial court granted summary judgment in favor of Florida Power & Light, finding as a matter of law that appellee had discharged any duty it may have had to Lemen. We affirm.
Lemen argued below that Paul Shutes, an employee of Florida Power & Light, knew that Lemen might be working in the vicinity of live wires yet failed to either de-energize the area or warn Lemen of the potential risks. It is undisputed however, that Lemen's supervisor, Ben Johnson, knew that this section of line was still energized and that the work schedule called for it to be de-energized the next morning. Johnson either believed that the area was safe for Lemen to work in, or failed to give Lemen a proper warning.
In Florida, one who hires an independent contractor is not ordinarily liable for injuries sustained by the contractor's employees. See Horton v. Gulf Power Company, 401 So.2d 1384 (Fla. 1st DCA 1981). This general proposition is subject to an exception, however, where a party who is having work done on his premises has actual or constructive knowledge of latent or potential dangers on the property. In Florida Power & Light Company v. Robinson, 68 So.2d 406 (Fla. 1953) the supreme court stated that if the owner of the property knows of a dangerous condition which the independent contractor's employees will likely encounter, the owner must either give warning of or use ordinary care to furnish protection against such dangers to the employees of the contractor or subcontractor who are without actual or constructive knowledge of the hazards. This duty has generally been held to be satisfied by giving notice of the dangerous condition to the contractor's supervisory personnel. In Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977) the appellate court held that a property owner will not be liable to employees of an independent contractor if the contractor is completely aware of a dangerous condition at the work site but nevertheless elects to have its employees proceed. See Storm v. New York Telephone Company, 270 N.Y. 103, 200 N.E. 659 (1936). The Lake Parker Mall decision restates the view expressed in Vanlandingham v. Florida Power & Light Co., 154 Fla. 628, 18 So.2d 678 (1944) in which the supreme court held that a power company is not an insurer but is only required to exercise that degree of care commensurate with the circumstances of the occasion.
Appellant attempts to extricate himself from the rule of law expounded in the cited cases by relying on the principle of law that when the work undertaken by an independent contractor is inherently dangerous so that in the ordinary course of events its performance will likely cause injury if proper precautions are not taken, an owner is liable for injuries caused by the failure of the independent contractor to exercise due care in the performance of the work. However that principle might apply to third parties who are injured in the course of the performance of the work, any application of the principle is subject to the exception that notwithstanding the dangerous character of the work, the owner is not liable for injuries to an employee of an independent contractor engaged to perform that work in the absence of a showing of actual negligence (by act or omission) of the owner which proximately causes such injury. Florida Power and Light Co. v. Price, 170 So.2d 293 (Fla. 1964). "Unless and until it is shown the contracting owner by positive act of negligence or negligent omission on his part causes injury to the *1109 independent contractor or to the latter's employee or employees, such owner will not be held liable." Id. at 298.
Here there was no showing that Florida Power & Light was negligent in operating its substation. Moreover, Florida Power & Light discharged any duty it may have had to Lemen by warning the independent contractor's supervisor of the potential dangers of working in the area where Lemen was burned. Accordingly, the trial court's order granting Florida Power & Light's motion for summary judgment and entering judgment for appellee is
AFFIRMED.
COWART, J., and STROKER, R.J., Associate Judge, concur.