FRANK, Judge.
Kenneth Ramsby has appealed from a final summary judgment entered in favor of DeAnza Group, Inc., the owner of a mobile home park where he was injured. Because genuine issues of material fact preclude summary judgment, we reverse.
The accident leading to Ramsby’s injuries occurred in the recreation area of the mobile home park where Ramsby was visiting his grandmother. Ramsby and others were dancing when his bracelet flew off. Thinking that it had landed under a Pepsi machine, Ramsby attempted to move the machine by scooting it out. In the process, however, one side of the machine caught on something; it fell forward and seriously injured Ramsby’s leg.
Ramsby sued DeAnza on the ground that the premises had been negligently maintained. He opposed DeAnza’s motion for summary judgment with an affidavit of an engineer whose opinion was that the deck on which the Pepsi machine was located was constructed without proper load distribution and that heat, humidity, moisture, and the weight of the machine caused the deck to “exhibit excessive deflection.” Had maintenance personnel inspected the area they would have noticed the deck’s decaying condition. Furthermore, Ramsby offered pictures of the area on which the machine stood revealing deterioration of the floor, particularly at one corner where the machine was resting.
DeAnza countered with affidavits from Pepsi personnel, attesting to their installation procedures. Vending company employees indicated that the deck’s condition was appropriate for installation of the machine, and the area in question had been found suitable. They noted that the machine will not function properly unless it is on a flat, level surface.
Confronted with these facts, the trial court granted summary judgment for De-Anza. Unfortunately, the order does not reveal the basis for granting the motion. Here, however, DeAnza has focused on foreseeability and has argued that, as a matter of law, neither Ramsby’s conduct nor his injuries were foreseeable. Another *153 possible ground for the trial court’s decision may have been that because it was the vending machine company’s responsibility to insure that the subsurface was safe before installing the machine, DeAnza was thus absolved from responsibility for Ramsby’s injuries. Under either theory, summary judgment was improper.
An owner or occupier of premises owes a duty to an invitee to use ordinary care to keep the premises in a reasonably safe condition. Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989 (Fla. 2d DCA 1980). Ramsby submitted affidavits tending to suggest that because the machine was placed in an area with exposure to heat and humidity, the resultant deterioration of the wood decking was not an unexpected event, or, at the very least, an event that could have been discovered in the course of ordinary inspection. Thus, whether the defendant breached its duty to maintain reasonably safe premises is a factual question to be decided by a jury. See Taylor v. Tolbert Enterprises, Inc., 439 So.2d 991 (Fla. 1st DCA 1983).
DeAnza has contended, however, that the plaintiff’s own conduct was so unforeseeable as to preclude recovery as a matter of law. A recent decision of the Florida Supreme Court, however, persuades us that DeAnza’s argument is untenable.
In McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), the court noted that foreseeability is a component of the duty element of negligence, which is to be decided as a matter of law. Furthermore, foreseeability is also a component of proximate cause, the existence of which is a factual matter for the jury to decide. The court observed as follows:
... [FJoreseeability relates to duty and proximate causation in different ways and to different ends. The duty element of negligence focuses on whether the defendant’s conduct foreseeably created a broader “zone of risk” that poses a general threat of harm to others. The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant’s conduct foreseeably and substantially caused the specific injury that actually occurred.... As is obvious, a defendant might be under a legal duty of care to a specific plaintiff, but still not be liable for negligence because proximate causation cannot be proven.
593 So.2d at 502-03 (citations omitted).
DeAnza, as a matter of law, owed a duty to Ramsby to keep the premises in a reasonably safe condition. Allowing the floor to rot or buckle under a heavy soft drink machine created a “zone of risk” with some threat of harm to others. Whether that conduct “foreseeably and substantially” caused the plaintiff to break his leg, in light of Ramsby’s single handed attempt to move such a large and heavy machine and in light of the fact that a jury might find that the deterioration beneath the machine was minimal, is a question of proximate causation for the jury to decide.
Reversed and remanded.
LEHAN, A.C.J., and PATTERSON, J., concur.