680 So.2d 441 (1996)
Linda G. THOMPSON, Appellant,
v.
Jose Manuel GALLO; James Ray Johnigean; Wilma Johnigean, Johnigean, Inc. d/b/a Servpro of Gainesville and Servpro of Alachua County; Bush and Cook Leasing, Inc., an Ohio corporation; Gilbert Jennings, d/b/a Westgate Shopping Center, and Publix Supermarkets, Inc., Appellees.
Nos. 93-3956, 93-3957.
District Court of Appeal of Florida, First District.
January 19, 1996.
*442 Steven J. Pajcic III, of Pajcic & Pajcic, P.A., Jacksonville, for Appellant.
Robert A. Cole of Cole, Stone & Stoudemire, P.A., Jacksonville, for Appellees/Jennings and Westgate.
Charles B. Carter of Jones, Carter & Drylie, P.A., Gainesville, for Appellee/Publix Supermarkets.
PER CURIAM.
We have for review the trial court's orders disposing of motions for summary judgment. We reverse.
These consolidated cases concern a traffic accident at the entrance to Gainesville's Westgate Shopping Center (Westgate). Linda G. Thompson (Thompson) was seriously injured on June 9, 1989, when the vehicle in which she was a passenger, owned and operated by Gallo, was struck by a vehicle driven by Johnigean, owned by others. Gallo was southbound on South West 34th Street and was attempting to make a left turn, across the northbound lanes of 34th Street, to enter Westgate. Gallo was headed to Publix, the Westgate "anchor" tenant. Thompson sued Gilbert Jennings, doing business as Westgate; Publix; and others not relevant to the instant appeal. The trial court granted Westgate's and Publix's motions for summary judgment. Thompson appeals.
Thompson's complaint alleges that the 34th Street entrance to Westgate and Publix is not a reasonably safe means of ingress and egress. The affidavit of Florida Highway Patrol Officer Kinney, an eyewitness who was attempting to exit the Publix parking lot at the time of the instant accident, states:
At the time that I drove into the southern driveway to leave the parking lot, I could not tell if the southern driveway or the northern driveway was an exit or an entrance, because the driveways were not clearly marked as to whether one, or the other, or both, was to be used as an entrance or exit.
Kinney further states that the Gallo vehicle was attempting to enter through the northern driveway, that is, the exit. Kinney's affidavit was accompanied by the affidavit of Moss, an expert in accident reconstruction. Moss's affidavit states that the damage to the Gallo vehicle is consistent with the vehicle being at a northeast attitude at the time of impact. Moss opines:

*443 Had the delay caused by the turn of the Gallo vehicle to the north driveway not taken place, the Gallo vehicle would have cleared the path of the Johnigean vehicle and the impact would not have occurred.
The lack of a clear identification of the driveway usage was thus a proximate cause of the accident.
Mr. Jennings and Publix could have and should have taken action in the exercise of due care to alleviate the confusion caused by the lack of clear signing including, for example, the placement of fixed two-sided signs on either side of the north driveway saying exit only and similar signs on either side of the south driveway saying enter only.
This court, in reviewing a summary final judgment, must determine whether there is any genuine issue of material fact, and whether the law is correctly applied to the facts. Hancock v. Department of Corrections, 585 So.2d 1068 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla.1992). We must view every possible inference in favor of a party against whom a summary judgment has been rendered. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977). If the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied. Jones v. Directors Guild of America, Inc., 584 So.2d 1057 (Fla. 1st DCA 1991).
Business property owners moreover have a duty to provide safe ingress and egress to their premises. See IRE Florida Income Partners, Ltd. v. Scott, 381 So.2d 1114, 1117 (Fla. 1st DCA 1979) ("The duty to keep the premises safe for invitees extends to all portions of the premises that are included in the invitation and that are necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended.... `The duty extends to approaches to the premises which are open to invitees in connection with their business on the premises, and which are so located and constituted as to represent an invitation to visit the place of business and to use such means of approach.'"), cert. denied, 388 So.2d 1118 (Fla.1980); see also Thunderbird Drive-In Theatre v. Reed, 571 So.2d 1341 (Fla. 4th DCA 1990), review denied, 577 So.2d 1328 (Fla.1991). A landlord furthermore has constructive knowledge of dangers on the premises by virtue of tenant complaints and a high level of dangerous activity in the area.
"[W]hat is required to be foreseeable is the general character of the event or harm ... not its precise nature or manner of occurrence." Prior similar incidents are helpful to determine foreseeability, but they are not necessary. A rule that limits evidence of foreseeability to prior similar incidents deprives the jury of its role in determining that question.
Paterson v. Deeb, 472 So.2d 1210, 1219-20 (Fla. 1st DCA 1985) (citation omitted), review denied, 484 So.2d 9 (Fla.1986). Additionally, a party who exercises control or implied authority over property by inviting people to use the property may become responsible to the invitees in the same manner as the owner. Regency Lake Apartments v. French, 590 So.2d 970 (Fla. 1st DCA 1991). "The level of control and responsibility" is "a factual question to be resolved by the jury." Id. at 974.
The lease in the instant case establishes that Westgate, as the lessor, was required "to construct and maintain and adequately light a parking area"; the lease also required Publix's consent to make changes, and further authorized Publix to perform any tasks which Westgate failed to perform. Publix furthermore has a duty to warn invitees of "known static dangerous condition[s]" even if Westgate has exclusive control over the common areas of the shopping center. See Levy v. Home Depot, Inc., 518 So.2d 941, 942 (Fla. 3d DCA 1987).
The Kinney and Moss affidavits are sufficient to raise jury questions in the instant case. Kinney states that the Gallo-Johnigean collision took place as the Gallo vehicle attempted to enter Westgate through the exit. Moss states that the Gallo vehicle was at a northeast attitude when struck; this is consistent with the Gallo vehicle attempting to enter Westgate through the exit. Moss's affidavit opines that Westgate and *444 Publix "could have and should have taken action in the exercise of due care to alleviate the confusion caused by the lack of clear signing"; Moss's affidavit notes an increase in traffic and a higher incidence of "median-related accidents" at the 34th Street entrance, which should have put the defendants on notice of a dangerous condition. An affidavit of Peterson, employed at a pharmacy in Westgate for seven years, estimated that there had been twenty to twenty-five accidents at the 34th Street Westgate entrance during her tenure. Trooper Kinney's affidavit states that she was confused concerning the entrance and exit to Westgate "because the driveways were not clearly marked."
Thompson, viewing every possible inference in her favor, presented evidence that the entranceway to Westgate is dangerous, and that the failure of Westgate and Publix to remedy the condition was the proximate cause of her accident. The evidence is sufficient to raise jury questions about Westgate's and Publix's knowledge of a danger, and about Publix's control of the premises. Summary judgments thus are inappropriate.
We therefore reverse the final summary judgments as to Publix and Westgate and remand for consistent proceedings.
ERVIN, WOLF and LAWRENCE, JJ., concur.