700 So.2d 705 (1997)
Mack William HOLSWORTH, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, Appellee.
No. 96-1623.
District Court of Appeal of Florida, Fourth District.
August 20, 1997.
Rehearing Denied November 14, 1997.
*706 E. Hugh Chappell, Jr., Fort Lauderdale, and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellant.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellee.
WARNER, Judge.
In this appeal of a summary judgment, the appellant, an employee of an independent contractor, claims that there were genuine issues of material fact regarding whether the owner of the premises should be liable for having failed to give notice of an unsafe condition on the property. We conclude that the owner is not liable because the independent contractor had complete control over the premises, the condition complained of was patent, not latent, and the owner did not have actual or constructive knowledge of the defect. We therefore affirm.
Appellant Holsworth worked as an employee of Shaw Insulation Company (Shaw), which was hired by appellee, Florida Power & Light (FPL), to remove asbestos from one of its buildings. To perform the job, Shaw had complete control over the portions of the building where removal was occurring. The contract between Shaw and FPL provided that FPL retained no control over Shaw or its employees or over the method by which it performed its work.
*707 In order to perform the work, Shaw employees were required to access the roof through a hatch door. When the Shaw employees first arrived at the facility, they conducted an inspection with an FPL representative and others. These individuals went on the roof, and in going down from the roof the FPL inspector closed the hatch without incident.
Shaw employed a safety inspector on its jobs. A short time before the accident at the FPL building, Holsworth and the safety inspector went through the building, including the roof, to identify any safety concerns. They inspected the hatch, and the inspector was concerned that the hatch, when opened, rested at a 90 degree angle to the roof. Because of the wind at the top of the building, the inspector considered this a safety hazard in that the wind could blow it closed. He determined that it should be tied further back. Shaw employees undertook to place an additional rope on the hatch to tie it back so that it would rest on the roof. Other than that, Shaw's safety inspector saw no safety concerns presented by the hatch or the ladder upon which one reached the roof.
Prior to the accident, Holsworth had been through the hatch at least 20 times, although it had always been opened. A day or so before the accident, Holsworth closed the hatch from the roof to see if it was airtight when closed. To do this, Holsworth stood on the roof and lowered it to another Shaw employee who was standing on the ladder inside the building.
The accident occurred the next day as Holsworth was leaving the roof for the last time before the commencement of the asbestos abatement procedure. As he stood on the ladder, he reached up to grab the rope, but he could not lift the hatch up off of the roof. He then stepped up a rung on the ladder and grabbed the rope higher. He pulled on the rope and stepped down at the same time as quickly as he could. Nevertheless, the hatch "caught up" with him, hitting him on the head before he could descend into the building and knocking him unconscious.
In granting summary judgment, the trial court relied on Indian River Foods, Inc. v. Braswell, 660 So.2d 1093, 1096 (Fla. 4th DCA 1995), rev. denied, 672 So.2d 542 (Fla.1996):
The general rule is that an owner is ordinarily not liable for work injuries to employees of an independent contractor. Florida Publishing Co. v. Lourcey, 141 Fla. 767, 193 So. 847 (1940); Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976), cert. denied, 344 So.2d 323 (Fla.1977). One exception is that the owner has a duty to warn employees of an independent contractor of potential danger when the owner has actual or constructive knowledge of a dangerous condition on his premises. Florida Power & Light Co. v. Robinson, 68 So.2d 406 (Fla.1953); Lake Parker Mall, 327 So.2d at 123. Under this exception, if the owner of the property knows of a dangerous condition that the employees are likely to encounter, the owner must either give warning of, or use ordinary care to furnish protection against, such dangers to the employees of the contractor who lack actual or constructive knowledge of the hazards. Florida Power & Light Co. v. Robinson, 68 So.2d at 410-11.
The duty to warn of the dangerous condition is sufficiently discharged if the owner gives appropriate notice to the independent contractor's supervisory personnel. Mozee v. Champion Int'l Corp., 554 So.2d 596 (Fla. 1st DCA 1989), rev. denied, 564 So.2d 487 (Fla.1990); City of Miami v. Perez, 509 So.2d 343 (Fla. 3d DCA), rev. denied, 519 So.2d 987 (Fla.1987); and Lemen v. Florida Power and Light Co., 452 So.2d 1107 (Fla. 5th DCA 1984); Lake Parker Mall, 327 So.2d at 123.
This exception to owner liability to employees of independent contractors has also been stated as follows:
[I]f the owner has been a passive non-participant [in the contractor's work], in order to impose liability one or more specific identifiable acts of negligence, i.e., acts either negligently creating or negligently approving the dangerous condition resulting in the injury or death to the contractor's employee, must be established.

*708 A person who is having work done on his premises by an independent contractor and has actual or constructive knowledge of latent or potential dangers on the premises owes a duty to give warning of, or use ordinary care to furnish protection against, such dangers to employees of the contractor and subcontractor who are without actual or constructive notice of the dangers.
The duty of the owner to give notice and warn of a dangerous condition known to the owner but unknown to the independent contractor and its employees is discharged by notice given to supervisory personnel [of] the independent contractor.
Mozee v. Champion Int'l Corp., 554 So.2d 596, 598 (Fla. 1st DCA 1989) (citations omitted). In determining whether the owner is liable, three questions must be asked. First, is the dangerous condition latent or patent, for an owner is required to warn only of latent defects. Second, if the defect is latent, did the owner have actual or constructive knowledge of it? And third, were the employees of the independent contractor without actual or constructive knowledge of the defect? The answers to the first two questions require an affirmance of the judgment.
A latent defect is one "not apparent by use of one's ordinary senses from a casual observation of the premises, Kagan v. Eisenstadt, 98 So.2d 370, 371 (Fla. 3d DCA 1957), or `hidden from the knowledge as well as from the sight and ... not [discoverable] by the exercise of reasonable care,' Grall v. Risden, 167 So.2d 610, 613 (Fla. 2d DCA 1964)." Kala Invs., Inc. v. Sklar, 538 So.2d 909, 913 (Fla. 3d DCA 1989). The test for patency is "whether the defective nature of the object was obvious ... with the exercise of reasonable care." Id.; see also Houk v. Monsanto Co., 609 So.2d 757 (Fla. 1st DCA 1992).
In the instant case, the hatch condition and positioning was open and obvious. Both Holsworth and Shaw's safety inspector observed the hatch. The safety inspector modified how it opened by attaching a longer rope and resting the cover on the rooftop. Otherwise, he saw no dangerous condition which needed to be remedied. The day before the accident, Holsworth himself lowered the hatch from above, thus being able to observe with his ordinary senses the weight of the hatch cover. There was no building code violation created by this hatch, and the only code violation involving the ladder was not a proximate cause of the accident according to the appellant's own expert. We therefore conclude that the trial court did not err in granting summary judgment because the defect alleged was patent and required no warning.
Even if the defect were not patent but latent, appellant would have to show that FPL had actual or constructive knowledge of the defective condition. The building in question was built in the 1920's, and there was no evidence of any prior accidents or even complaints regarding the hatch. Other employees had closed the hatch without incident. There is no evidence that if this were considered a dangerous condition, anyone at FPL knew or should have known about it. While there is evidence of the FPL representative closing the hatch from the ladder, there is no evidence that he found it difficult or dangerous so as to put FPL on notice that it could pose a danger to one of Shaw's employees. The hatch itself was not dangerous; it was only made so by the method in which the appellant tried to close it. Cf. Miller v. Wallace, 591 So.2d 971 (Fla. 5th DCA 1991). Moreover, Shaw had taken it upon itself to modify the roping on the hatch by which it was closed. Therefore, FPL would not have been aware of whether this modification could have caused greater difficulty in closing the hatch. By its contract, Shaw had complete control of the premises, including its ability to modify those conditions which it found unsafe. Based on our review of all of the depositions and affidavits, the trial court did not err in concluding that there was no genuine issue of material fact regarding FPL's actual or constructive knowledge of any danger in the closing of the roof hatch.
For these reasons, we affirm the final judgment.
STONE, C.J., concurs.
POLEN, Judge, dissents with opinion.
*709 POLEN, Judge, dissenting.
I respectfully dissent. I believe there were issues of fact, particularly as to whether Florida Power & Light knew or had reason to know of the dangerous condition of the hatch which caused plaintiff's injuries. The trial court should not have granted a summary judgment. Moore v. Morris, 475 So.2d 666 (Fla.1985).