QUINCE, Judge.
This case arises out of injuries suffered by Susan D’Attilio during an Oktoberfest street fair in Naples, Florida. On appeal, the D’At-tilios challenge the grant of summary judgment in favor of the Fifth Avenue Business Association (the Association), the event’s sponsors. Because we find that an issue of fact was raised as to the Association’s duty to police the area in which Mrs. D’Attilio was injured, we reverse.
The majority of the facts in this case are not in dispute. Susan D’Attilio was injured at an Oktoberfest street fair sponsored by the Fifth Avenue Business Association. While attending the fair, Mrs. D’Attilio tripped and fell on an uneven area in the pavement of a pedestrian walkway. The D’Attilios brought an action against the Association, as the sponsors of the event, to recover for Mrs. D’Attilio’s injuries.
At the summary judgment hearing, the Association claimed that the City of Naples, not the Association, was responsible for maintaining the streets and pedestrian walkways. It claimed that the City had selected the streets to be closed and that the City had required a specified number of police and fire-rescue workers to be on hand at the event. The Association argued it therefore had no duty to Mrs. D’Attilio, despite her position as an invitee at the Association-sponsored event. Based on this testimony, the trial court granted summary judgment in favor of the Association.
Summary judgment is only appropriate if no material issues of fact remain. See Koresko v. Coe, 683 So.2d 602 (Fla. 2d DCA 1996). In this case, the scope of the Association’s duty to Mrs. D’Attilio remained to be determined. The Association, as the fair’s coordinator, had some responsibility to ensure the comfort and safety of its invitees. See Thompson v. Gallo, 680 So.2d 441 (Fla. 1st DCA 1996) (“A party who exercises control or implied authority over property by inviting people to use the property may become responsible to invitees in the same manner as the owner.”). Nevertheless, the Association failed to police the roadways because it “assumed that the City would ensure that the area was safe for pedestrians.” Although the Association cites to certain actions by the City of Naples, such as the City’s selection of the streets to be cordoned off, which it contends supports its assumption that it did not have an obligation to police the roadways, the reasonableness of this conclusion involves a question of fact appropriate for determination by a jury. See Thompson, 680 So.2d at 443 (level of custody and control are fact questions); Garcia v. City of Hialeah, 550 So.2d 1158 (Fla. 3d DCA 1989) *119 (landowner, not city, found liable for injuries to business invitee, despite the fact that the injury was caused by the city’s failure to maintain the area around the defendant’s business). This is particularly true in light of testimony that Association members had some responsibility to police the area.
The party with control over land onto which the public has been invited owes a duty to the invitees to keep the premises in a reasonably safe condition. See Johnson v. Howard Mark Prods., 608 So.2d 937 (Fla. 2d DCA 1992); Ramsby v. DeAnza Group, 596 So.2d 151 (Fla. 2d DCA 1992). The level of the Association’s control over and responsibility to the fair’s invitees was a factual question appropriately resolved by the jury. See Regency Lake Apartments Assocs. v. French, 590 So.2d 970 (Fla. 1st DCA 1991). Accordingly, we reverse the summary judgment in favor of the Association and remand for further proceedings.
DANAHY, A.C.J., and MILLS, STANLEY R., Associate Judge, concur.