855 So.2d 204 (2003)
William A. FLOYD, Jr., as personal representative of the Estate of Ciara Floyd, Appellant,
v.
The DEPARTMENT OF CHILDREN AND FAMILIES, State of Florida, Appellee.
No. 1D02-4282.
District Court of Appeal of Florida, First District.
September 18, 2003.
C. Valentine Bates of Bates & Brown, P.A., Gainesville, for Appellant.
Charlie Crist, Attorney General; Denis Dean, Special Counsel, Tallahassee, for Appellee.
*205 WEBSTER, J.
Appellant, as personal representative of the estate of Ciara Floyd, seeks review of a summary final judgment entered against it, and in favor of appellee, in a wrongful death action. Because our review of the record satisfies us that genuine issues exist as to material facts, and that appellee has failed to demonstrate that it is entitled to a judgment as a matter of law, we reverse.
Three-year-old Ciara was murdered by her mother's boyfriend while in the custody of her mother, with whom the boyfriend resided. The complaint alleged that, in the six months preceding her death, two reports had been made to appellee that Ciara appeared to have bruises and other indications of abuse; that the individual assigned by appellee to investigate the matter was told that the boyfriend had a history of abuse; that, after investigating the matter, the investigator returned Ciara to her mother, knowing that the boyfriend was still living there; and that, within weeks, Ciara was murdered by the boyfriend, who ultimately pled guilty to the crime. According to the complaint, appellee was negligent when it returned Ciara to her mother's household, knowing of the boyfriend's past history of abuse, and that negligence was the proximate cause of Ciara's death. Appellee denied the material allegations of the complaint, and raised several affirmative defenses. Following discovery, appellee filed a motion for summary judgment, which the trial court granted by an order which provides no insight into the thought process by which it arrived at its decision. This appeal follows.
Our standard of review is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Our task is to determine whether any genuine issue of material fact exists and whether the trial court has correctly applied the law to the facts, after having drawn every possible inference in favor of appellant (as the party against whom the summary judgment was rendered). E.g., Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985); Thompson v. Gallo, 680 So.2d 441, 443 (Fla. 1st DCA 1996). "A summary judgment is appropriate only when `the facts are so crystalized that nothing remains but questions of law' and there is not the `slightest doubt' as to any issue of material fact." Aloff v. Neff-Harmon, Inc., 463 So.2d 291, 294 (Fla. 1st DCA 1984). "[I]f the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the ... summary judgment must be [reversed]." Jones v. Directors Guild of Am., Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991). Moreover, "[s]ummary judgments should be cautiously granted in negligence ... suits." Moore, 475 So.2d at 668.
Our review of the record satisfies us that genuine issues exist as to facts material to the question of whether appellee was negligent. Appellee argues that the summary judgment should, nevertheless, be affirmed because the facts demonstrate that it is immune from suit pursuant to either section 768.28 or section 415.511, Florida Statutes (1995). We disagree.
In Department of Health & Rehabilitative Services v. Yamuni, 529 So.2d 258 (Fla.1988), a case involving substantively indistinguishable facts from this one, the court held that the Department's investigator's actions were operational-level, rather than planning-level, activities and that, therefore, the Department was not entitled to immunity pursuant to section 768.28. Applying the case-by-case analysis mandated by Yamuni, we conclude that Yamuni controls here, and requires the *206 further conclusion that appellee is not entitled to section 768.28 immunity.
Appellee also claims that summary judgment was appropriate because it had statutory immunity pursuant to section 39.203, Florida Statutes. However, the cause of action accrued in 1996, and section 39.203 did not come into being until 1998, when it replaced section 415.511. Ch. 98-403, § 33, Laws of Fla. Accordingly, the applicable version of the statute is section 415.511, Florida Statutes (1995), which provides in pertinent part:
(1)(a) Any person, official, or institution participating in good faith in any act authorized or required by ss. 415.502-415.514, or reporting in good faith any instance of child abuse to any law enforcement agency, shall be immune from any civil or criminal liability which might otherwise result by reason of such action.
Section 415.502 states that the legislative intent behind sections 415.502 to 415.514 "is to provide for comprehensive protective services for abused or neglected children... by requiring that reports of each abused or neglected child be made to the Department of Health and Rehabilitative Services [appellee's predecessor] in an effort to prevent further harm to the child or any other children living in the home...." Appellee relies on Department of Health & Rehabilitative Services v. Dougherty, 700 So.2d 77 (Fla. 2d DCA 1997), which held that the Department was immune pursuant to section 415.511(1)(a) in an action brought by parents alleging that their children had been improperly removed from their home due to the negligent investigation of a child abuse complaint. Appellant correctly responds that Dougherty is inapplicable.
Citing Yamuni, the court in Dougherty said that section 415.511(1)(a) protected the Department when "carrying out its statutory duties on behalf of the protected class, i.e., the allegedly abused child." Id. at 79. However, it also said that "[s]overeign immunity [would] not apply ... to persons or institutions that fail to carry out the protective measures." Id. As Dougherty clearly demonstrates, section 415.511(1)(a) was intended to protect those who might be overzealous in protecting children from potential abuse; it was not intended to protect those who fail to fulfill their duty to protect children. Because appellant alleged that appellee failed to fulfill its duty to carry out protective measures, appellee is not immune from liability pursuant to section 415.511(1)(a). Appellee's interpretation of section 415.511(1)(a) would turn the statutory scheme on its head by protecting the entity charged with protecting children (appellee) from actions by (or on behalf of) children alleging failure to fulfill that duty. See Yamuni, 529 So.2d at 262 (rejecting the same argument made regarding section 827.07(7), the predecessor to section 415.511(1)(a)).
We conclude that the record demonstrates that genuine issues exist as to material facts, and that it does not demonstrate that appellee is entitled to a judgment as a matter of law. Accordingly, we reverse, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
KAHN and POLSTON, JJ., CONCUR.