RAMIREZ, J.
Irene Arditi appeals the entry of an adverse final summary judgment in which the trial court found that Florida’s impact rule barred her claim against appellees Grove Isle Association and Thyssen Elevator Company when she became trapped inside of a malfunctioned elevator and suffered a heart attack immediately after jumping from the elevator to the floor. Because we find that there are genuine issues of material fact sufficient to preclude the entry of summary judgment in favor of Grove Isle and Thyssen as the defendants and the moving parties, we reverse.
The incident at issue occurred when Arditi entered the elevator of her apartment building and the elevator suddenly stopped. She remained in the elevator alone for approximately twenty minutes before Miami-Dade Fire Rescue arrived. Miami-Dade Fire Rescue opened the elevator doors approximately twenty five minutes later. Rescue personnel asked Arditi to jump out of the elevator onto the lobby floor located two-and-a-half feet below the elevator. When she jumped, she immediately realized that she could not stand up and became dizzy. She also experienced numbness in her fingers and one of her feet. Oppression in her chest followed. She was transported by ambulance to a nearby hospital where a doctor informed her that she was having a heart attack.
Arditi underwent coronary surgery. Dr. Ildefonso J. Mas, the cardiologist who performed the surgery, reported that Arditi had no past medical history or medical problems. At fifty-two years of age, Arditi was a very active person who exercised regularly and was very fit. He further reported that her “coronary dissection [was] most probably secondary to the events, which occurred during the elevator incident from an acute frightful incident causing an extreme catecholamine release.”
We cannot agree that Grove Isle and Thyssen are entitled to the entry of summary judgment in their favor. We must view the facts in the light most favorable to Arditi because she is the plaintiff below against whom the trial court entered summary judgment. Instead, the trial court seems to have construed the facts in a light most favorable to Grove Isle and Thyssen as the defendants and moving parties.
Summary judgment should not be entered unless two conditions are satisfied. First, there must be no genuine issues of material fact, and second, the moving par *153 ty must be entitled to judgment as a matter of law. See Nobles v. City of Jacksonville, 265 So.2d 550, 552 (Fla. 1st DCA 1972). If the record reflects the possibility of a material issue of fact, or if different inferences can be reasonably drawn from the facts, any doubts must be resolved against the moving party. Collections, USA, Inc. v. City of Homestead, 816 So.2d 1225, 1227 (Fla. 3d DCA 2002). See also Floyd v. Department of Children & Families, 855 So.2d 204, 205 (Fla. 1st DCA 2003). We conclude that the trial court did not comply with the first of these two conditions.
In its final summary judgment, the court determined that Arditi’s cardiologist attributed her heart attack to a chemical reaction resulting from her anxiety and fear of being stuck in the elevator. The cardiologist report, however, does not state that her heart attack was caused by her fear of being stuck in the elevator.
A fair reading of the cardiologist’s report raises a question of material fact as to the cause of Arditi’s injuries. The report does not unequivocally state the cause of Artiti’s heart attack.[1] We are left to speculate as to: (1) whether Arditi’s fear of having been trapped in an elevator caused her heart attack; (2) whether her jump onto the lobby floor caused her heart attack; or (3) whether it was a combination of the two, the fear together with the impact of the jump. We agree with Grove Isle and Thyssen that if it was only the fear that caused her heart attack, the impact rule would preclude recovery. See Gilliam v. Stewart, 291 So.2d 593 (Fla.1974) (holding that in the absence of impact, no recovery could be had by plaintiff who suffered a heart attack from the emotional stress induced by negligent conduct where the defendant’s automobile struck plaintiffs house). However, if it was the jump from the elevator to the floor, or a combination of the fear and the jump, the impact rule is satisfied.
Thus, the trial court should have allowed the case to proceed to trial and the evidence submitted to a jury under proper instructions for their determination of the factual issues raised. We therefore reverse and remand with directions for further proceedings consistent with this view.
Reversed and remanded.

. The record does not contain any deposition of Dr. Mas which could have clarified his opinion.