WOLF, J.
Marsha K. Brockney, appellant and the plaintiff in the trial court, challenges a final summary judgment in a negligence action in favor of appellee, Centel Cellular Company of Fort Walton Beach, the defendant in the trial court. The issue is whether the trial court erred in granting a summary judgment on the basis that appellee owed no duty to the plaintiffs decedent under the unique facts of this case. We uphold the trial court’s decision determining that a defendant who hires an independent contractor to perform work on rural land belonging to the defendant is not hable to an employee of that contractor who is injured when: 1) the injury occurred off the premises where the work is being done; 2) the alleged dangerous condition does not exist on the property where the work is being done; 3) any connection between the land where the work is being *447 done and the location where the injury occurs is incidental; and 4) the defendant could not reasonably have been expected to know that there was any connection between the dangerous condition and defendant’s property.
Appellant is the personal representative of the estate of Rodney Brockney. Appellant contends Centel Cellular is hable for the death of Randy Brockney who, while riding an ATV, struck a cable that was strung across a dirt road which Centel Cellular did not own.- The cable was attached to. a tree, the base of which is located approximately one foot onto Centel Cellular’s property. However, this encroachment was only discovered by a professional survey conducted at the request of appellant after the accident. The location of the encroachment is approximately 335 feet north of the road used for access to the Centel Cellular tower at which the decedent had been working before the accident. The decedent was an employee of an independent contractor who had contracted with Centel Cellular to perform work on a cellular telephone tower.
The cable in question was placed across the roadway by an employee of an adjoining-property owner, Cooke, to keep poachers off his land and prevent dumping on that property. The person that placed the cable and the owner of the adjoining property did not believe any portion of the cable was on Centel’s property. They never received Centel’s consent to place the cable across the roadway. Centel Cellular employees had seen the cable before the accident and did not believe any portion of it was on Centel’s property. The west end of the cable was attached to a four-inch oak stump, which was approximately 1.08 feet west of the “west right-of-way line of the easement” and about one foot' south of Centel’s north property line, meaning that the stump was on Centel’s property. The east end of the. cable was attached to a five-inch oak tree trunk on property owned by Cooke.
On August 1, 2005, the trial court entered the Final Summary Judgment at issue on appeal, in which it again found that Centel owed no duty to the decedent under the facts of this case. The court noted that the parties had been unable to find any precedent expressly establishing a duty on Centel’s part “to know the metes and bounds of its property with the exactitude which would have been required in this case to recognize the offending cable was tied to a tree on Centel Cellular property, even if its potentially hazardous nature was recognized.” The court found that the exceptions to the general rule that a property owner who hires an independent contractor to perform work on his property is not liable for injuries sustained by the contractor’s employees discussed in Houk v. Monsanto Co., 609 So.2d 757 (Fla. 1st DCA 1992), were inapplicable to this case. Specifically, the trial court found that the exception that a property owner must warn or protect an independent contractor against potential dangers on the premises about which the property owner had actual or constructive knowledge did not apply because Centel did not have a threshold duty to determine whether the cable was attached to a tree located on its property. After noting that the only conceivable way for Centel to know whether the cable was attached to a tree on its property was by obtaining a professional survey, the trial court indicated that it was unaware of any precedent requiring Centel to suspect that the cable was improperly attached to its property or, even if it developed such a suspicion, to incur the expense of a professional survey to confirm or dispel its suspicion.
We find that the trial court order is well reasoned. Because whether Centel had a *448 duty of care to the decedent in this negligence action is a question of law, see Goldberg v. Florida Power & Light Co., 899 So.2d 1105, 1110 (Fla.2005), the trial court’s ruling on Centel’s motion for summary judgment is subject to de novo review by this court. See Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001) (stating that a trial court’s ruling on a summary judgment motion that poses a purely legal question is subject to de novo review on appeal).
In Mozee v. Champion International Corp., 554 So.2d 596 (Fla. 1st DCA 1989), the court set forth the law related to the duty of an owner to employees of an independent contractor that the owner hires.
It is well established in Florida law that an owner who hires an independent contractor is generally not liable for injuries sustained by that contractor’s employees.
There are, however, two principal exceptions to this rule. First, an owner may be held liable if he interferes or meddles with the job to the extent of assuming the detailed direction of it, and thus become[s] the master of the independent contractor’s employee. Second, if the owner has been a passive non-participant, in order to impose liability one or more specific identifiable acts of negligence, i.e., acts either negligently creating or negligently approving the dangerous condition resulting in the injury or death to the contractor’s employee, must be established.
A person who is having work done on his premises by an independent contractor and has actual or constructive knowledge of latent or potential dangers on the premises owes a duty to give warning of, or use ordinary care to furnish protection against, such dangers to employees of the contractor and subcontractor who are without actual or constructive notice of the dangers. See Florida Power & Light Co. v. Robinson, 68 So.2d 406 (Fla.1953), citing 57 C.J.S. Master & Servant § 606.
Id. at 597-98 (citations omitted; emphasis added); see also Holsworth v. Fla. Power & Light Co., 700 So.2d 705, 707-08 (Fla. 4th DCA 1997); Hawkins v. Champion Inti Corp., 662 So.2d 1005, 1007 (Fla. 1st DCA 1995); Indian River Foods Inc. v. Braswell, 660 So.2d 1093, 1096 (Fla. 4th DCA 1995); Houk, 609 So.2d at 759.
Because there is no evidence that Centel interfered or meddled with the work of its independent contractor, our analysis focuses on the second exception to the general rule that an owner is not liable for injuries sustained by an independent contractor’s employees.
First and most importantly, neither the injury or the dangerous condition occurred on Centel’s premises. The dangerous condition was the height of the wire and the failure to properly warn of the wire strung across the dirt road; the injury occurred on that road. The road was not on Centers property.
Appellant relies on several cases, including Thompson v. Gallo, 680 So.2d 441 (Fla. 1st DCA 1996), and Whitt v. Silverman, 788 So.2d 210 (Fla.2001), where the injury or the dangerous condition occurred off the landowner’s premises and the landowner was still found to be liable. These cases are inapplicable. In those cases, the dangerous condition causing the injury was on the owner’s land or the landowner created a duty by inviting the injured person to utilize an area in immediate proximity to the dangerous condition.
In Thompson, 680 So.2d at 441, this court determined that a landowner could be responsible for injuries sustained at a *449 marked ingress and egress point to a shopping center. While the injuries occurred off the premises in the intersection, the court held summary judgment was inappropriate where the landowner had a responsibility to make safe that area it had invited people to be.
Thompson is inapplicable because the injury in this case did not occur anywhere near where the plaintiff was supposed to or invited to be. In IRE Florida Income Partners, Ltd. v. Scott, 381 So.2d 1114, 1116 (Fla. 1st DCA 1979), we stated:
The general principle governing liability of a landowner applicable here is that an owner or occupant is liable for an injury sustained by a person, who entered the premises by invitation, as a result of a defective condition of the premises, only where the part of the premises on which the injury was sustained was covered by the invitation. If a person, though on the premises by invitation, goes to a place not covered by the invitation, the owner’s duty of care owed to that person as invitee ceases forthwith.
In addition, a landowner may be liable where they invite a person to utilize an off premises facility for a specific purpose. Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970 (Fla. 1st DCA 1991). No such invitation took place in the instant case.
Appellant also relies on Whitt, 788 So.2d at 210. In Whitt, plaintiff pedestrians were injured by a motorist driving off the defendant’s premises because foliage on defendant’s premises impaired the driver’s view of the sidewalk. The trial court dismissed the case and the district court affirmed. The supreme court quashed the decision and remanded the case for further proceedings holding that a commercial gas station owner owes a duty of care to persons who may be injured as a result of natural conditions or landscaping on the landowner’s property even when the injury actually occurs off of the property. Id. at 212.
Whitt is inapplicable for several reasons. First, the injury took place immediately adjacent to an area set aside for ingress and egress to the property; an area where the public was invited to be. Second, the dangerous condition, the overgrown foliage, was on the landowner’s property. In this case, as previously noted, the actual dangerous condition was a dirt roadway nowhere near the ingress and egress to appellee’s property.
Finally and most importantly, we decline to hold that the rural landowner had a duty to ascertain whether any portion of the cable was on his property. It is undisputed that the only item in question on the landowner’s property was a connection to a trunk of a tree one foot inside the landowner’s property. The connection was not the dangerous point, and the landowner had nothing to do with extending the cable across the road.
It is undisputed that the boundaries of rural property are often unclear. No one knew that the cable was attached to a tree that happened to be on Centel’s property until after appellant’s counsel had a professional survey done several years after the accident. There is no evidence to indicate that Centel had reason to suspect the one-foot encroachment on its property. To impose a duty on a rural landowner to contract for a professional survey under these circumstances is unrealistic.
We, therefore, affirm the well reasoned decision of the trial court.
THOMAS, J., concurs; LEWIS, J., dissents with opinion.