TAYLOR, J.
Anna Johnson, individually and as personal representative of the estate of her husband, Gene Johnson, brought this wrongful death action against several hospitals, including defendants Boca Raton Community Hospital, Inc. and Bethesda Memorial Hospital, Inc. on theories of negligence and premises liability. Plaintiff sought recovery for injuries Mr. Johnson suffered as a result of his exposure to asbestos while working as a pipe insulator for an independent contractor on hospital premises. The trial court entered summary judgment in favor of Boca Raton Community Hospital and Bethesda Memorial Hospital. We affirm.
The record evidence in this case shows that Gene Johnson worked as a pipe insulator at Boca Raton Community Hospital and Bethesda Memorial Hospital during the early 1960’s. At all times while working at these hospitals, Mr. Johnson was employed by an independent subcontractor hired by the hospitals to perform insulation work. Hospital employees did not come onto the jobsite or control the manner in which employees of the subcontractor performed their work. During the course of his employment, Mr. Johnson worked with pipe covering, cement, and asbestos-containing products that exposed him to asbestos dust. In September 2000, Mr. Johnson was diagnosed with lung cancer. A year later he died of lung cancer.
Plaintiff sought to hold the hospitals liable for the injuries Mr. Johnson suffered as a result of his exposure to asbestos while working at sites owned by the hospitals. Specifically, plaintiff alleged that the hospitals had superior knowledge of the dangers of asbestos in the early 1960’s and thus owed Mr. Johnson a duty to warn of the dangers existing on their premises. Plaintiff also alleged that, as landowners, the hospitals owed a duty to maintain their premises in a safe condition, which they breached by allowing Mr. Johnson to install asbestos-laden products on their premises.
Both hospitals moved for summary judgment, arguing that they did not control the manner or means by which Mr. Johnson performed his duties and, further, did not owe a duty to warn him of the dangers of asbestos. They argued that Mr. Johnson possessed at least equal knowledge of the dangerous condition as the hospitals. The trial court granted the motion and entered summary judgment on behalf of the hospitals.
Summary judgment is properly granted when there are no issues of material facts, and the moving party is entitled to judgment as a matter of law. Anderson v. Maddox, 65 So.2d 299, 300 (Fla.1953). We review a trial court’s grant of summary judgment de novo. Florida Bar v. Greene, 926 So.2d 1195, 1199 (Fla.2006). As a general rule, one who hires an independent contractor is not hable for injuries sustained by that contractor’s employees in performing their work. Cecile Resort, Ltd. v. Hokanson, 729 So.2d 446, 447 (Fla. 5th DCA 1999) (quoting Van Ness v. Indep. Constr. Co., 392 So.2d 1017, 1019 (Fla. 5th DCA 1981)); Armenteros v. Baptist Hosp. of Miami, Inc., 714 So.2d 518, 520-21 (Fla. 3d DCA 1998); Holsworth v. Fla. Power & Light Co., 700 So.2d 705, 707 (Fla. 4th DCA 1997).
Exceptions to the general rule exist if the owner has been “actively participat *596 ing in the construction to the extent that he directly influences the manner in which the work is performed” or has “engaged in acts either negligently creating or negligently approving the dangerous condition resulting in the injury or death to the employee.” Conklin v. Cohen, 287 So.2d 56, 60 (Fla.1973). Here, the undisputed facts demonstrate that Mr. Johnson was an employee of an independent subcontractor, and the hospitals did not actively supervise or directly influence the manner in which he performed his work or control the methods by which he performed and completed the work.
Owner liability to employees of independent contractors may also attach when the owner, who has actual or constructive knowledge of latent or potential dangers on the premises, has breached a duty to warn employees of such danger. Holsworth, 700 So.2d at 707 (citing Fla. Power & Light Co. v. Robinson, 68 So.2d 406 (Fla.1953) and Lake Parker Mall, Inc. v. Carson, 327 So.2d 121, 123 (Fla. 2d DCA 1976)). This duty to warn ties into the exception noted above for specific identifiable acts of negligence which were either negligently created or approved by the owner. Holsworth, 700 So.2d at 707. As we explained in Holsworth, the owner’s duty to warn depends upon whether the dangerous condition was known to the owner but unknown to the independent contractor. Id. at 708. In this case, the hospitals’ duty to warn of latent potential dangers on their premises would arise if they had superior knowledge of such dangers. See Fla. Power & Light v. Robinson, 68 So.2d at 411; see also Indian River Foods, Inc. v. Braswell, 660 So.2d 1093, 1096 (Fla. 4th DCA 1995). There was some evidence that the hospitals knew or should have known of the dangers of asbestos in the early 1960’s. Thus, the central issue here is whether Mr. Johnson also had actual or constructive knowledge of the dangers of asbestos in the 1960’s when he worked at the hospitals.
In Florida Power & Light Co. v. Price, 170 So.2d 293, 298 (Fla.1964), the supreme court noted that “[t]he independent contractor is usually placed in charge of the work site and is responsible for all incidental contingencies and is aware or presumed to be aware of the usual hazards incident to the performance of the contract.” The record in this case established that inhalation of asbestos dust is a “usual hazard” incident to the performance of asbestos installation and that Mr. Johnson had constructive knowledge of the risks of asbestos work. The hospitals thus owed him no duty to warn of those risks. See Olivo v. Owens-Illinois, Inc., 186 N.J. 394, 895 A.2d 1143, 1150-51 (2006); Kosan v. Pegasus Integrated Living Ctr., 1993 WL 1156111 (Pa.Com.Pl.1993). In Olivo, an asbestos case against a premises defendant, the court stated:
Significantly, the law carves out an exception to the requirement that premises be made safe for an independent contractor when the contractor is invited onto the land to perform a specific task in respect of the hazard itself. As stated in Muhammad [v. N.J. Transit, 176 N.J. 185, 821 A.2d 1148 (2003)] “‘the duty to provide a reasonably safe working place for employees of an independent contractor does not relate to known hazards which are part of or incidental to the very work the contractor was hired to perform.’ ” Id. at 199, 821 A.2d 1148 (quoting Wolczak, [v. Nat’l Elec. Prods. Corp., 66 N.J.Super. 64, 168 A.2d 412 (N.J.App.1961)) ]. A landowner “ ‘is under no duty to protect an employee of an independent contractor from the very hazard created by the doing of the contract work.’ ” Id. at 198, 821 A.2d 1148 (quoting Gibilterra v. Rosemawr Homes, 19 N.J. 166, 170, 115 A.2d 553 *597 (1955)). This exception to the landowner’s general duty exists because “[t]he landowner may assume that the worker, or his superiors, are possessed of sufficient skill to recognize the degree of danger involved and to adjust their methods of work accordingly.” Id. at 199, 821 A.2d 1148 (quoting Wolczak, supra, 66 N.J.Super. at 75, 168 A.2d 412).
895 A.2d at 1150.
We recognize that a landowner owes invitees an independent duty to use reasonable care in maintaining its premises in a reasonably safe condition. Knight v. Waltman, 774 So.2d 731, 733 (Fla. 2d DCA 2000). However, an abnormally dangerous condition does not include work product of the contractor after he or she takes control of the premises or conditions which arise after and as a result of the independent contract. See Wajer v. Baltimore Gas & Elec. Co., 157 Md.App. 228, 850 A.2d 394, 405 (2004) (granting summary judgment to landowner in personal injury suit brought by asbestos contractors). In this case, the independent contractor had the asbestos products brought onto the work site. Thus, the dangerous condition complained of was not a latent condition on the premises, but rather a condition that arose as part of the contractor’s work product after the contractor took control of the premises. Accordingly, we hold that the trial court properly granted summary judgment in favor of the defendant hospitals.

Affirmed.

STONE and STEVENSON, JJ„ concur.